**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTHERBOARD EXPRESS COMPANY, d/b/a MBX SYSTEMS,<br><br>  Plaintiff,<br><br>v.<br><br>THOMAS LARSON,<br><br>  Defendant. | Case No. 1:23-cv-00475 |

**JOINT INITIAL STATUS REPORT**

**I. NATURE OF THE CASE**

 **A. Identity of Attorneys of Record**

**Attorneys for Plaintiff**

Steven J. Pearlman
Alexandra S. Oxyer
PROSKAUER ROSE LLP
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Phone: (312) 962-3545
Fax: (312) 962-3551
Email: spearlman@proskauer.com
aoxyer@proskauer.com

**Attorneys for Defendant**

Barry F. Irwin, P.C.
Iftekhar A. Zaim
Ariel Katz
IRWIN IP LLP
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
Tel: (312) 667-6080
Email: birwin@iwinip.com
izaim@irwinip.com
akatz@irwinip.com

 **B. State the Basis for Federal Jurisdiction.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because MBX has raised a federal question asserting that Defendant Thomas Larson ("Defendant") violated the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1367, *et seq.* and the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.* This Court has supplemental jurisdiction over the MBX's other claims pursuant to 28 U.S.C. § 1367.

C.     **Provide a Short Overview of the Case.**

i.     **Plaintiff's Position**

Shortly before resigning from MBX in October 2021 to work for its competitor, Defendant conducted a mass download of MBX's files, which contained MBX's trade secrets and confidential information. MBX recently learned of this misconduct after a customer informed it that Defendant had successfully solicited its business; that prompted MBX to commission a forensic review through a third party. Defendant has unlawfully capitalized on that purloined information, engaging in a campaign to undermine MBX's relationships with its customers and steal them away by utilizing the confidential information and trade secrets he learned in his position of trust at MBX and egressed on his way out the door. Based on the aforementioned conduct, MBX has brought this action against Defendant, MBX's former Director of Safety and Security, for the claims listed below.

ii.    **Defendant's Position**

Thomas Larson is an industry expert in the field of safety and security technology with a focus on infrastructure and servers for video surveillance. In March 2020, MBX hired Larson as their Director of Safety and Security. On October 5, 2021, MBX terminated Larson. Thereafter, Larson began a consulting relationship with Velasea, which delivers custom original equipment manufacturer solutions. Shortly thereafter, from November 2021 through January 2022, MBX and Larson, each through counsel, exchanged letters regarding Larson's involvement with Velasea. A year thereafter, MBX filed the instant lawsuit alleging that Larson downloaded MBX trade secrets and confidential information before departing MBX and breached his contract with MBX. Plaintiff's allegations have no merit. Larson has no confidential information of MBX. Several weeks ago, Larson requested more information from MBX related to its allegations, such as file

names and hash values for the allegedly downloaded files. However, MBX has not disclosed any of this information.

### D. Description of the Claims and Defenses

MBX has brought claims of breach of contract, tortious interference with MBX's customer relationships, misappropriation of MBX's trade secrets in violation of both the ITSA and the DTSA, violations of the CFAA, and violation of fiduciary duties.

Larson's affirmative defenses are (1) accord and satisfaction; (2) estoppel; (3) unenforceability of confidentiality agreement and restrictive covenants; (4) failure of consideration; (5) laches; (6) release; (7) no misappropriation of trade secrets; (8) unclean hands; and (9) no injury or harm. The affirmative defenses are premised, in part, on the fact that the restrictive covenant is unenforceable as a matter of law, both in the way it was written and the fact that Larson worked at MBX for a period of less than two years and did not receive adequate consideration; that as early as November, 2021, Plaintiff was aware that Larson was working at Valasea, yet did not initiate this lawsuit until January 2023; that MBX's letter to Larson in January of 2022 precludes any claim that his involvement with Velasea breached the Confidentiality Agreement, and that Larson did not misappropriate any trade secrets.

### E. Major Factual Issues

#### i. Agreed Factual Issues

a. The identification and scope of Plaintiff's trade secrets subject to protection under the DTSA and ITSA;

b. Whether Defendant acquired, disclosed and/or used Plaintiff's trade secrets;

c. Whether Defendant solicited Plaintiff's clients during the term of the restrictive covenants;

3

d.      Whether Defendant utilized confidential, proprietary, and/or trade secret information to his own benefit or to the benefit of third parties;

e.      What consideration Larson received, if any, for MBX's relied-upon restrictive covenants;

f.      Whether Larson acted in accordance with the Parties' agreement as set forth in their letters from exchanged from November 2021 through January 2022;

g.      Whether Defendant accessed MBX's computer system without authorization for personal gain or, without authorization, accessed its computerized information, copied electronic information files, destroyed electronic information files, sent electronic files to USB memory devices or other external electronic storage devices or continued to possess MBX's electronic files and data for personal gain or that of a competitor; and

h.      If Defendant is found liable, the amount of damages to which Plaintiff is entitled.

      ii.      **Defendant's Position on Additional Factual Issues**

a.      Whether the Confidentiality Agreement or its provisions were modified by agreement of the parties through their correspondence from November 2021 through February 2022.

      **F.**      **Major Legal Issues**

      i.      **Agreed Legal Issues**

a.      Whether Defendant is liable to Plaintiff for trade secret misappropriation under the DTSA (18 U.S.C. §§ 1836(b), 1839, *et seq*.) and the ITSA (765 ILCS 1065, *et seq*.);

b.      Whether Defendant is liable to Plaintiff for the breach of his restrictive covenants and confidentiality obligations under his employment agreement with Defendant and representations to Defendant;

c.      Whether Defendant is liable to Plaintiff for tortious interference with MBX's customer relationships;

4

d.  Whether Defendant violated his fiduciary duties to Plaintiff;

e.  Whether Defendant violated the CFAA (18 U.S.C. § 1030, *et seq.*).;

f.  The remedies to which Plaintiff would be entitled if Defendant is found liable to Plaintiff as a result of the above.

### ii. Defendant's Position on Additional Legal Issues

a.  Whether MBX's asserted Confidentiality Agreement or its asserted restrictive covenants are unlawful or unenforceable for lack of adequate consideration;

b.  Whether there was a failure of consideration;

c.  Whether the plaintiff is estopped or barred from bringing this claim on equitable grounds, based on the doctrine of laches because it waited one-and-a-half years to initiate this lawsuit, or for unclean hands; and

d.  Whether Defendant is liable to Plaintiff for the breach of his restrictive covenants and confidentiality obligations under his employment agreement with Defendant and representations to Defendant.

### G. Relief Sought by Plaintiff

MBX Systems seeks judgment in its favor and an Order granting a permanent injunction compelling Defendant, his agents, and all those persons in active concert or participation with Defendant to: (i) comply with his contractual obligations owed to MBX; (ii) cease all tortious interference with MBX's customer relationships; (iii) refrain from any use or disclosure of MBX's trade secrets and other confidential information; (iv) immediately return to MBX, all trade secrets and other confidential information belonging to MBX in both hard copy and electronic form; (v) provide for forensic analysis, any and all personal computers, thumb drives, external hard drives, back-up drives and other electronic data storage devices in Defendant's possession, custody or

control that contain MBX's confidential information; (vi) provide an accounting of MBX's confidential information and trade secrets in his possession, custody or control, whether in hard copy, electronic or any other form; and (vii) refrain from any destruction of MBX's property of spoliation of material evidence.

MBX seeks compensatory damages to be proven at trial; exemplary or punitive damages in an amount to be proven at trial due to Defendant's tortious acts; statutory damages as provided under applicable statute; its reasonable attorneys' fees and court costs incurred in prosecuting this action; and other and further relief as the Court deems just and equitable.

### H. Status of Service

Defendant executed a waiver of service of summons on February 22, 2023 (ECF No. 11). There are no other parties that need to be served at this juncture.

## II. DISCOVERY PLAN

### A. Proposed Discovery Schedule

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | May 26, 2023 |
| Initial Discovery Responses | June 26, 2023 |
| Amendment to the Pleadings | July 21, 2023 |
| Service of Process on "John Does" | August 21, 2023 |
| Completion of Fact Discovery | January 18, 2024 |
| Disclosure of Burden of Proof Expert Report(s) | February 22, 2024 |
| Deposition of Burden of Proof Expert(s) | March 22, 2024 |
| Disclosure of Rebuttal Expert Report(s) | April 24, 2024 |

| | |
|---|---|
| Deposition of Defendant's Expert | May 24, 2024 |
| Dispositive Motions | June 25, 2024 |

### B. Depositions Anticipated by the Parties

The Parties anticipate a maximum of **ten** depositions by each Party. Each deposition shall be limited to a maximum of 7 hours on the record of cross-examination testimony (not counting redirect or recross) unless extended by agreement of the Parties.

### C. Special Issues in Discovery

Plaintiff anticipates that there is potential for a substantial amount of electronically stored information ("ESI") to be sought in this matter. The Parties will meet and confer regarding what ESI each Party will need in this case and to discuss a plan for the production for such ESI.

## III. TRIAL

A trial has been requested by both Parties. The Parties anticipate the trial will take ten days. The earliest date the Parties will be ready for trial is 90 days after the Court's ruling on dispositive and any *Daubert* motions.

## IV. SETTLEMENT CONFERENCE

There have not been any settlement discussions to date. Plaintiff does not believe a settlement conference would be productive at this time.

## V. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE.

The Parties do not consent to proceed before a Magistrate Judge.

Dated: May 8, 2023 				Respectfully submitted,

*/s/ Steven J. Pearlman* 				*/s/ Barry F. Irwin*

Steven J. Pearlman
Alexandra S. Oxyer
PROSKAUER ROSE LLP
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Phone: (312) 962-3545
Fax: (312) 962-3551
Email: spearlman@proskauer.com
aoxyer@proskauer.com

*Attorneys for Plaintiff*

Barry F. Irwin, P.C.
Iftekhar A. Zaim
Ariel Katz
IRWIN IP LLP
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
Tel: (312) 667-6080
Email: birwin@iwinip.com
izaim@irwinip.com
akatz@irwinip.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2023, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF System, and notice was provided to:

Barry F. Irwin, P.C.
Iftekhar A. Zaim
Ariel Katz
IRWIN IP LLP
150 N. Wacker Dr., Suite 700
Chicago, IL 60606
Tel: (312) 667-6080
Email: birwin@iwinip.com
izaim@irwinip.com
akatz@irwinip.com


                                             */s/ Steven J. Pearlman*
                                             Steven J. Pearlman